Date signed May 20, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 10-10209 |
| UNO RESTAURANT HOLDINGS CORP. | : | United States Bankruptcy Court for |
|    *et al.* | : | the Southern District of New York |
| | : | Chapter 11 |
|          Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| VELINA EXUM, | : | |
|    as Personal Representative of the Estate | : | |
|    of Curtis Lee Poston, Deceased, *et al.* | : | |
|          Plaintiffs | : | |
|      vs. | : | Adversary No. 11-0202PM |
| | : | |
| UNO RESTAURANT HOLDINGS CORP. | : | |
|    *et al.* | : | |
|          Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

      This matter came before the court for a status conference on this adversary proceeding, a wrongful death and survivorship action filed in the Circuit Court for Prince George's County, Maryland, arising out of unfortunate events occurring February 3, 2008.  The action is styled *Velina Exum, as Personal Representative of the Estate of Curtis Lee Poston, Deceased, et al. v Uno Restaurant Holdings Corporation, et al.*, Case No. CAL 11-01261.

      Defendants Uno Restaurant Holdings Corp., Uno Restaurants, LLC and UR of Landover MD, Inc. (collectively, "Uno") each filed a bankruptcy case under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York.  Their cases were being jointly

administered under Case No. 10-10209 and emerged from bankruptcy with a confirmed plan in July, 2010. After the action against Uno was filed in the Circuit Court for Prince George's County, Maryland, Uno filed a timely Notice of Removal to the United States District Court for the District of Maryland pursuant to Fed. Rule of Bankruptcy Proc. 9027(a) and 28 U.S.C. § 1441(a). Pursuant to Local Rule 402 of the United States District Court for the District of Maryland, that matter was referred to the bankruptcy court.[1] In their reply to the notice of removal, Plaintiffs sought remand of the action to the Circuit Court for Prince George's County.

In support of their request for remand, Plaintiffs submitted a copy of an email message whereby their counsel agreed to a stipulation that any recovery be limited to the proceeds of applicable insurance policies and further that Plaintiffs had no claim to the $250,000.00 deductible under Uno's primary insurance policy should they receive a judgment against the Debtor or its insurer.

Plaintiffs argue therefore that there is no jurisdiction for the District Court of Maryland court to try the action. 28 U.S.C. § 1334(b) provides:

> **28 U.S.C. § 1334.  Bankruptcy cases and proceedings**
> \*          \*          \*          \*          \*
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The cause of action described in the complaint is not a civil action arising under Chapter 11. It is a free-standing tort case that involves Maryland law. As noted in the case of *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 835 (CA4 2007):

> A proceeding or claim "arising in" Title 11 is one that is " 'not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'" *Grausz v. Englander*, 321 F.3d 467, 471 (CA4 2003) (quoting *Bergstrom v. Dalkon Shield Claimants Trust* ( *In re A.H. Robins Co.*), 86 F.3d 364, 372 (CA4 1996)). Therefore, a "'controversy arises in Title 11' when 'it would have no practical existence but for the bankruptcy.'" *Id.* (quoting *Bergstrom*, 86 F.3d at 372).

That description does not fit this case. Is this action related to the bankruptcy case? The court

---

[1] However, under 28 U.S.C. § 157(b)(5), personal injury tort and wrongful death proceedings must be tried in the District Court.

finds that, at this stage of the proceedings, it is not.  Again, the answer is found in the *Valley Historic* case:

> The Debtor also asserts that the bankruptcy court has subject matter jurisdiction because his claims are "related to" a case under Title 11.  This court, like the majority of the other circuits, has adopted the test articulated by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (CA3 1984), for determining "related to" jurisdiction.  *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n. 11 (CA4   1986). **FN1**.  In short, "'the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Owens-Ill., Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124 F.3d 619, 625 (CA4 1997) (quoting *Pacor*, 743 F.2d at 994). Therefore, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* at 625-26; *see also  Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255-56 (CA4 1997).
>
>> **FN1** Although the Supreme Court has overturned *Pacor* in part, *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (overruling *Pacor's* holding that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case), the Court has not disturbed *Pacor's* "related to" jurisdictional test.
>
> *Pacor* was decided in a pre-confirmation context; however, the Third Circuit has since examined "related to" jurisdiction from a somewhat different analytical perspective, that is, in a post-confirmation context.  Recognizing that "[c]ourts have applied varying standards to determine whether 'related to' jurisdiction should be upheld post-confirmation," it endeavored to distill the "essential inquiry" or common thread throughout the decisions, including our decision in *Bergstrom. Binder v. Price Waterhouse & Co.* ( *In re Resorts Int'l, Inc.*), 372 F.3d 154, 166 (CA3 2004).  In its view, "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter."  *Id.* at 166-67.  According to the court, for "related to" jurisdiction to exist at "the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process-there must be a close nexus to the bankruptcy plan or proceeding." *Id..* at 167.  Practically speaking, under this inquiry "[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *Id.*

486 F.3d at 836-837.  Under the test described above, inasmuch as there is no financial impact upon the Debtor in the event of a verdict in favor of Plaintiff, it cannot be said that such a verdict would have any effect upon the administration of the confirmed plan.  If successful, the relief sought by the Plaintiffs would be limited to the proceeds of applicable insurance policies, and no

assets of the reorganized Debtor would be placed at risk. The close nexus required to establish "related to" jurisdiction is nonexistent.

      An appropriate order will be entered.

cc:
Robert H. Bouse, Jr., Esq., Anderson Coe, 201 N. Charles Street, #2000, Baltimore MD 21201
Robert G. Fiore, Esq., Azrael Franz, 101 East Chesapeake Avenue, Towson, MD 21286
Dale K. Cathell, Esq., DLA Piper LLP, 6225 Smith Avenue, Baltimore, MDF 21209
Metropolitan Protective Svc., Inc., c/o Geraldine L. Parks, Resident Agent,
    602 Hilary Court, Upper Marlboro, MD 20772
Marilynn Bland, Clerk, Circuit Court for Prince George's County, Court House, 14735
    Main Street, Upper Marlboro, Maryland 20772

**End of Memorandum**